```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

ALLSTATE INSURANCE COMPANY      *

              Plaintiff         *

        vs.                     *   CIVIL ACTION NO. MJG-14-392

STANLEY ROCHKIND, et al.        *

              Defendants        *

*       *       *       *       *       *       *       *       *
```

MEMORANDUM AND ORDER

The Court has before it Defendant I.C.'s Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction and Failure to State a Claim [Document 4] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

This is a declaratory judgment action brought by Plaintiff Allstate Insurance Company ("Allstate") to determine its rights and obligations under a Personal Umbrella Policy ("the Policy") issued to Stanley Rochkind ("Insured") in regard to an underlying lawsuit brought by Defendant I.C. to recover for damages caused by lead exposure.  Allstate asserts that the Court has diversity jurisdiction over the instant case.

Defendant I.C. seeks dismissal, contending that:

- the Court lacks jurisdiction due to the absence of diversity, and

- the lawsuit does not present a case or controversy ripe for decision.

A.   <u>Diversity Jurisdiction</u>

The diversity statute provides, in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States

28 U.S.C. § 1332(a)(1).

When a district court's jurisdiction is based on diversity of citizenship, there must be complete diversity between the parties.  See <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 67-68 (1996).  That is, diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  <u>Id.</u>

Defendants I.C. and Rochkind are alleged to be Maryland citizens.  Defendant I.C. does not deny this allegation. Allstate alleges that it is a citizen - for diversity purposes – of Delaware (the state of incorporation) and Illinois (its principal place of business).  Compl. ¶ 1.  Defendant I.C. presents nothing indicating that Allstate is a citizen of Maryland.  Hence, there is complete diversity.  By virtue of Defendant I.C.'s claims in the underlying suit, the matter in controversy exceeds $75,000.

Accordingly, the Court has jurisdiction over this matter pursuant to federal diversity jurisdiction.

B.  <u>Ripeness</u>

Allstate seeks a declaratory judgment establishing that:

1. The Policy provides no coverage to the Insured for damages caused by lead exposure occurring on or after June 13, 1999;

2. The Insured is responsible for any such damage; and

3. The Policy will provide coverage for that fraction of I.C.'s recovery in the underlying suit in which the numerator is the number of days of exposure through June 13, 1999 and the denominator is the total number of days of exposure through December 31, 2004.

The first requested declaration does not appear to present any issue that would be determined in the underlying suit. The question presented is one of interpretation of the contract between Allstate and Rochkind that can be, and should be, resolved without awaiting resolution of the underlying suit.

The second requested declaration, <u>as stated by Allstate</u>, is, obviously, an issue that will be resolved in the underlying suit. If this declaration were stated to be that "Allstate is not liable for damage caused by lead exposure occurring after June 13, 1999 even if the Insured is held to be liable," such a declaration may well add nothing to the first declaration that the Policy provides no coverage for damage caused by such exposure.

The Court, at present, finds it appropriate to defer decision regarding the ripeness of third requested declaration.

Inasmuch as there is at least one requested declaration that is ripe for decision, the Court shall not dismiss the case.

C.  Discretion

The Court finds no reason to exercise its discretion to decline jurisdiction over the first requested declaration and defers judgment as to whether it will decline jurisdiction over the third requested declaration.

D.  Conclusion

For the foregoing reasons:

1. Defendant I.C.'s Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction and Failure to State a Claim [Document 4] is DENIED.

2. Allstate shall arrange a case planning telephone conference to be held by July 3, 2014.

SO ORDERED, on Friday, June 20, 2014.

_____/s/_____
Marvin J. Garbis
United States District Judge

4